UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Ava Bruins, | § | |
|     Plaintiff, | § § § | |
| versus | § | Civil Action H-08-1965 |
| Michael Astrue, | § § § | |
|     Defendant. | § § | |

## Opinion on Summary Judgment

1. **Introduction.**

    The question in this action is whether substantial evidence supports the commissioner's decision that Ava Bruins is not disabled under the Social Security Act. It does.

    Under 42 U.S.C. § 405(g), Bruins brought this action for judicial review of the commissioner's final decision to deny disability insurance benefits. Both sides have moved for summary judgment.

2. **Standard of Review.**

    Judicial review is limited to determining whether the record has substantial evidence to support the commissioner's decision and whether the commissioner applied the proper legal standards to evaluate the evidence. **See Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994); Anthony v. Sullivan, 954 F.2d 289, 282 (5th Cir. 1992)**.

    A decision unsupported by substantial evidence must be overturned. **Substantial evidence** is a level of proof that a reasonable mind might accept as adequate to support a conclusion. **See Richardson v. Perales, 402 U.S. 389, 401 (1971)**. A decision unsupported by cogent facts is arbitrary, failing the requirement that governmental process be regular. **U.S. Const. amend. V.**

3. **The Statutory Criteria**.

A claimant is not entitled to disability insurance unless she is unable to work due to a medically determinable impairment that has lasted for at least twelve months. 42 U.S.C. § 423 (d)(1)(A). A claimant who is not engaged in substantial gainful activity and has a severe impairment listed in Appendix 1 of the regulations is considered disabled. 20 CFR 404.1520(d), 404.1525, and 404.1526. Otherwise, the commissioner evaluates the claimant's residual functional capacity to work by considering the limiting effects of any medically determinable impairments. 20 C.F.R. § 404.1520(e). Where medical evidence does not corroborate these limitations, the commissioner must assess the credibility of the claimant's statements. **See** 20 C.F.R. § 404.1529(c). If the claimant has the capacity to perform her past relevant work, she is not considered disabled. 20 C.F.R. § 404.1520(f). If not, the commissioner must show that the claimant can do other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1512(g) and 404.1560(c).

4. **Evidence**.
   A. **Disability**.

Bruins is a 51-year-old woman who has had breast cancer and who claims a disabling combination of back pain, leukopenia, lymphedema, arthritis, and diabetes.

Bruins was diagnosed with breast cancer on February 15, 2000, and stopped work, on her doctor's instructions. Her right breast was removed on March 22, 2000, and she underwent chemotherapy from April to August of the same year. She suffered mild leukopenia – low white blood cell count – from the chemotherapy.

Although Bruins claims an onset of lymphedema – swelling due to fluid retention – in her right arm immediately after her breast removal, the only record of symptoms during that time is from May 6, 2000, when swelling of the hands was noted. Additionally, records from the previous day document a full range of motion and no inordinate pain in the extremities. Bruins suffers from a degenerative disc disorder that causes her back pain. Bruins did not suffer from arthritis or diabetes during the time covered by this action.

The hearing officer properly found that Bruins was not disabled. Bruins's lymphedema claims are not corroborated by the medical record. The record also suggests that Bruins's back pain can be improved with physical therapy and an orthotic lift (insole). In 2003, her potential for rehabilitation was characterized as good. Bruins's statements about her arm impairment are not credible given the lack of symptoms at medical examinations throughout the period.

B.      **Ability to work**.

The hearing officer considered the findings of Charles R. Poor, a vocational expert. Poor testified that Bruins could perform sedentary semi-skilled work including her prior job as an accounting clerk. The hearing officer correctly found that Bruins was able to perform past relevant work and was not disabled.

5.      **Conclusion**.

The commissioner's denial of Bruin's claim for disability insurance benefits is supported by substantial evidence and did not require expert testimony. Affirmed.

Signed on July 15, 2009, at Houston, Texas.

Lynn N. Hughes   USDJ
United States District Judge